UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD EXNICIOS and<br>NANCY EXNICIOS | CIVIL ACTION |
| VERSUS | NO. 06-7943<br>c/w 06-8124 |
| ALLSTATE INDEMNITY<br>COMPANY, ET AL | SECTION "N" (4) |

## ORDER AND REASONS

Before the Court are two Motions to Remand (Rec. Doc. Nos. 4 & 5) filed by Plaintiffs, Richard and Nancy Exnicios. The removing defendant, Allstate Indemnity Company ("Allstate"), opposes remand. Having considered the submissions of the parties, including the Irrevocable Stipulation of Damages filed by Plaintiffs, the record herein, and the applicable law, the Court finds remand to be appropriate.

### I. BACKGROUND

Plaintiffs in this case are Louisiana property owners who suffered damage to their property during and after Hurricane Katrina. The property, located at 7916 Nelson Street in New Orleans, Louisiana, was insured under an Allstate homeowner's policy (No. 910344134). One copy of the homeowner's policy lists Evalena White as Plaintiffs' Allstate agent, while another copy of the policy lists White Insurance Agency as their Allstate agent. The property was also covered under a flood policy (No. 99-01898596-205) issued by Fidelity National Insurance Company ("Fidelity").

The homeowner's policy is for coverage in the amount of $277,000 for the dwelling, $27,700 for the other structures, $138,500 for personal property, and up to twelve months of additional living

expenses.  Plaintiffs allege that this policy had a deductible of $500 for other perils and $500 for hurricanes.  (Rec. Doc. No. 1-2, ¶ 10.)  Plaintiffs' property and its contents were significantly damaged as a result of the storm.  During the adjustment of their homeowner's claim, Allstate informed Plaintiffs that their hurricane deductible was $13,850.

On August 22, 2006, Plaintiffs filed suit against Allstate, Fidelity,[1] White,[2] and ABC Insurance Company[3] in the Civil District Court for the Parish of Orleans.  In the Petition, Plaintiffs allege that Allstate failed to properly adjust and pay their claims under their homeowner's policy. Plaintiffs allege that White breached her fiduciary duty and was negligent in increasing their hurricane deductible from $500 to $13,850 without their knowledge and consent, and in failing to subsequently notify them of this increase.  Plaintiffs aver that White has failed to respond to their multiple attempts to contact her since their discovery of the increased deductible.  (Rec. Doc. No. 1-2, ¶ 18.)

On October 12, 2006, Mr. Steven Lozes of the law firm Lozes & Ponder filed a Notice of Removal (Rec. Doc. No. 1) on behalf of Allstate, which was designated as Civil Action No. 06-7943 and assigned to Section "N" of this Court.  On October 13, 2006, Mr. Glenn Adams of the law firm

---

[1] On December 14, 2006, Plaintiffs filed a Joint Motion to Dismiss Fidelity National Insurance Company Without Prejudice (Rec. Doc. No. 7), which the Court granted on December 18, 2006 (Rec. Doc. No. 8).

[2] The record is void of any documentation that service has ever been effected on Evalena White and/or White Insurance Agency, the defendants alleged by Plaintiffs to be non-diverse.

[3] ABC Insurance Company is a fictitious name of White's liability insurer, a foreign insurance corporation.  (Rec. Doc. No. 1-2 at ¶¶ 1, 7.)  Plaintiffs have not served ABC, and they include no identifying information regarding this party in the Petition or Motion to Remand.  28 U.S.C. § 1441(a) provides that, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."  Accordingly, the Court ignores ABC for the purpose of determining the diversity of the parties.

Porteous, Hainkel & Johnson filed a Notice of Removal (Rec. Doc. No. 1) of the *same* case on behalf of Allstate, which was designated as Civil Action No. 06-8124 and assigned to Section "S" of this Court. Civil Action 06-8124 was transferred to this Section on January 30, 2007. (Rec. Doc. No. 12.) As will be discussed herein, the two notices of removal differ in substance; as a result, Plaintiffs filed two different Motions to Remand (Rec. Doc. Nos. 4 & 5).

Because the above-captioned civil actions relate to the same state court case, **IT IS ORDERED** that Civil Action No. 06-7943 and Civil Action No. 06-8124 are hereby consolidated.

## II. LAW AND ANALYSIS

### A. Legal Standard

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.23d 848 (5th Cir. 1999). In removal actions, the removing party bears the burden of establishing the existence of federal jurisdiction. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *Ruiz v. State Farm Fire and Cas. Co.*, No. 06-5640, 2007 WL 128800, at *2 (E.D. La. Jan. 17, 2007) (*citing Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Id.*, *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28

U.S.C. § 1447 (c).

Pursuant to 28 U.S.C.§ 1332, the district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and that are between citizens of different states. The Supreme Court has required that parties have complete diversity in order for diversity jurisdiction arising under 28 U.S.C. § 1332 to be invoked. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed. 437 (1996). Complete diversity exists when all persons on one side of the controversy are citizens of different states than the persons on the opposing side. *See Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1016-1017, 108 L.Ed.2d 157 (1990) (diversity jurisdiction is complete only if there is no plaintiff and no defendant who are citizens of the same state).

### B.  Removal by Mr. Lozes on Behalf of Allstate

The Court finds that the Notice of Removal filed by Mr. Lozes (Civil Action No. 06-7943) is plagued by errors, inaccuracies, and misstatements, which appear to be the product of careless form pleading. The Notice of Removal is virtually identical, in both form and substance, to many other notices of removal filed by Mr. Lozes as Allstate's counsel post-Katrina, particularly with regard to its characterization of the claims purportedly contained in the Petition. *See, e.g.,* Civil Action Nos. 06-10053, 06-8291. While this would not necessarily be a problem if the information were accurate, several of counsel's assertions are plainly inapplicable to the facts of the instant case and seem to refer to a completely different case. For instance, counsel refers to the insurance agent defendant in this case as "Martin" rather than "White." (Rec. Doc. No. 1 at ¶ 8.) Moreover, counsel's boilerplate statements completely contradict the allegations set forth in the Petition.

4

Counsel represents that "[t]he gravamen of the Petition is that the Agent Defendants allegedly breached their fiduciary duties to Plaintiffs to provide and secure appropriate and adequate coverage, and to properly advise the Plaintiffs as to their coverage needs." *Id.* at ¶ 13. Counsel goes on to refer to "Plaintiffs' general allegation that the Agent Defendants failed to tell them that their policies would not cover certain damage and did not procure adequate and/or other coverage," *Id.* at ¶ 23. Even from a mere cursory reading of the Petition, it is obvious that Plaintiffs have made no such allegations against White or any other party. Rather, Plaintiffs' allegations against White are that she increased their hurricane deductible without their knowledge and consent and then failed to notify them of this increase. (Rec. Doc. No. 1-2, ¶¶ 16-22.)

In their Motion to Remand, Plaintiffs pointed out that this case was removed twice (Rec. Doc. No. 4-2, pp. 3-4); in fact, Plaintiffs based their request for sanctions, costs, and attorney's fees, in part, on this fact (Rec. Doc. No. 4-2, pp. 11-12).[4] Plaintiffs also pointed out defense counsel's

---

[4] Plaintiffs aver that Allstate purposely "obtain[ed] double representation to file two separate notices of removal . . . [as] an obvious delay tactic designed to create undue confusion and subject Plaintiffs to the unreasonable burden of having to challenge Defendant's removal action in two different proceedings." (Rec. Doc. No. 4-2, p. 12.) It is no secret that hundreds of lawsuits have been filed against insurance companies, including Allstate, in the aftermath of Hurricanes Katrina and Rita. In this context, it is conceivable, however frustrating, that mistakes will be made by both plaintiffs and defendants alike. Nevertheless, this fact does not relieve counsel from exercising due diligence and adhering to the obligations imposed by Rule 11. Nor does this fact relieve Allstate, as a litigant, from its obligation to prepare a defense in a responsible and prudent fashion, particularly with regard to assignment of representation. While the Court agrees with Plaintiffs that the filing of two removals has caused undue confusion and wasted judicial resources, at this point, there is nothing to indicate that Allstate purposely hired two attorneys and directed each one to file a separate notice of removal. Further, it is not clear whether this mistake is the fault of Allstate, Mr. Lozes, Mr. Adams, or some combination of one or more of these. It may have been the result, at least in part, of a lack of communication and/or misunderstanding on the part of all three. What is clear, however, is that neither the client nor counsel attempted to rectify or clarify the situation once it was brought to light. The Court reminds Allstate that it must endeavor to exercise a higher level of diligence to ensure that two different attorneys are not representing the company on the same case, unbeknownst to one another. Additionally, the Court reminds all counsel involved that measures must be taken both to avoid such a mistake and, once such a mistake becomes apparent, to communicate with each other and/or the Court so that a solution may fashioned in an efficient and expeditious manner.

faulty characterizations of the claims asserted against White.[5] At the very least, this should have excited counsel's attention enough to warrant not only a closer look at the Notice of Removal he previously filed, but also a comparison of that document with the Notice of Removal filed by Mr. Adams in Civil Action No. 06-8124. Either of these efforts would have undoubtedly alerted counsel to the fallacies in his own Notice of Removal and immediately given counsel cause for concern regarding Rule 11. Instead, counsel once again reverted to form pleading by filing a boilerplate Opposition to the Motion to Remand (Rec. Doc. No. 6), which, like the Notice of Removal, is replete with misstatements concerning matters that are central to the jurisdictional determination. As in the Notice of Removal, counsel states that "Evalena White is alleged to have failed to obtain the proper amount of insurance coverage for both the wind and flood damage policies" (Rec. Doc. No. 6, p.2) and that "the claim against Evalena White is for negligent failure to procure adequate insurance limits" (Rec. Doc. No. 6, p.8). These are blatant misrepresentations of the allegations in the Petition. As stated above, a simple reading of the Petition clearly indicates that Plaintiffs' sole allegations against White are that she increased their deductible without their consent and knowledge and subsequently failed to inform them of the increase in deductible, <u>not</u> that White failed to procure the proper amount of coverage.

---

[5] The relevant language is as follows:
> Defendant misstates Plaintiffs' claim against White as a general allegation of failure to notify the Plaintiffs that there [sic] policy would not cover certain damage and did not procure adequate insurance. Defendant's Notice of Removal, ¶ 23. Plaintiffs' [sic] clearly state a claim recognized under Louisiana law against defendant White for her failure to notify Plaintiffs that their policy deductible had significantly increased - <u>not for failure to procure adequate insurance or advise of the need for additional insurance</u>.

(Rec. Doc. No. 4-2. p.10.) (emphasis added).

It is troubling that counsel committed such obvious and easily avoidable mistakes,[6] particularly regarding a subject as significant as jurisdiction. But even more frustrating is the fact that, some seven months after being put on notice of both the double removal and the inaccuracies in his characterization of Plaintiffs' claims, counsel has not even attempted to clarify any of these matters for the Court. Such clarification would have greatly simplified the Court's jurisdictional determination, cleared up the inevitable confusion generated by the existence of two separate cases (initially in two separate sections of this Court), and finally, demonstrated a certain level of diligence and good faith, albeit belated, on the part of counsel. Instead, counsel's failure to correct, or at a minimum, address, these mistakes has unduly complicated the resolution of the Motion to Remand, obscured the record in this case, and wasted valuable judicial resources.

### C. Removal by Mr. Adams on Behalf of Allstate

The Court finds that, unlike the Notice of Removal filed in the instant action, the Notice of Removal filed by Mr. Adams in Civil Action No. 06-8124 clearly pertains to the facts of the state court case filed by Richard and Nancy Exnicios and contains no misstatements or misrepresentations of the claims against White.

Allstate contends that diversity jurisdiction exists in this case because the amount in controversy exceeds $75,000 and there is complete diversity among all properly joined parties. Allstate sets forth four arguments in support of this assertion: (1) White has not been served; (2) White has been improperly joined ; (3) the claims against White are barred by the expiration of the peremptive period; and (4) the claims against White are misjoined.

---

[6] Further evidence of counsel's heedless manner of pleading is the exhibit attached to the Opposition to Motion to Remand, which consists of an unsigned, unsworn, and undated affidavit of a "Linda Sisson" with a blank line in the spot designated for the homeowner's policy number. (Rec. Doc. No. 6-2.)

**Amount in Controversy**

In Louisiana state courts, plaintiffs are generally not allowed to plead a specific amount of monetary damages.[7] The Fifth Circuit has held that when a case in which the plaintiff has alleged an indeterminate amount of damages is removed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999). This burden is satisfied if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, if the defendant sets forth "summary judgment type evidence" of facts supporting a finding that the jurisdictional amount is satisfied. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy. *Id.* If the defendant demonstrates that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show to a legal certainty that he will not be able to recover more than $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).

In this case, it is not facially apparent from the Petition that Plaintiffs' claim exceeds

---

[7] The Court notes that Louisiana Code of Civil Procedure Article 893 provides:

A. (1) No specific amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, <u>the lack of jurisdiction of federal courts due to insufficiency of damages</u>, or for other purposes, a<u> general allegation that the claim exceeds or is less than the requisite amount is required </u>.... (emphasis added).

Here, Plaintiffs did not make a general allegation in their Petition that their claim is less than the requisite amount for diversity jurisdiction in federal court. While it would behoove Plaintiffs' counsel to adhere to the requirements of La. C.C. Proc. art. 893 in future cases, the Court finds that the failure of Plaintiffs to make such an allegation in this case does not divest this Court of its independent and continuing duty to examine the basis for subject matter jurisdiction. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004); *Toney v. Ryan's Family Steak Houses, Inc.*, 2007 WL 519090, at *1 n.1 (E.D. La., Feb. 15, 2007).

$75,000. Nor does Allstate set forth any evidence that the claims exceed the jurisdictional threshold. Allstate merely argues in its Notice of Removal that "it is readily apparent that the amount in controversy exceeds $75,000." (Rec. Doc. No. 1, ¶ 28.) In support of this contention, Allstate sets forth the limits of Plaintiffs' homeowner's policy and points out that only $34,000 has been paid, leaving more than $409,000 at issue under the policy. *Id.* Allstate also points out that Plaintiffs seek additional money for living expenses, damages for mental anguish, and attorney's fees, costs, and penalties under La. R.S. 22:658 and 22:1220. *Id.* at ¶¶ 29-30. Allstate presents no evidence that Plaintiffs made a claim for the face amount of the policy. The relevant inquiry concerns damage to the home, not the value of the policy. *Williams v. Encompass Property & Cas. Co.*, 2007 WL 1309543, at * 1 (E.D. La. May 2, 2007). The value of Plaintiffs' claim, not the value of the underlying policy, determines whether the jurisdictional minimum is satisfied. *Glaser v. State Farm Fire & Cas. Co.*, 2007 WL 1228794, at * 1 (E.D. La. April 20, 2007).

Allstate is correct that, at the time of the filing of their opposition, Plaintiffs had voiced no dispute whatsoever regarding the amount in controversy requirement.[8] However, this fact does not relieve Allstate of its burden to either show that it is facially apparent that the claim exceeds $75,000 or to set forth facts indicating that the claim exceeds $75,000. Nor does it relieve this Court of its continuing duty to examine the basis for subject matter jurisdiction. Accordingly, the Court finds

---

[8] In their Motion to Remand filed on November 13, 2006, Plaintiffs do not dispute Allstate's contention that the amount in controversy exceeds $75,000. Rather, they argue that complete diversity does not exist among the parties because White was properly joined. As a result, in its Opposition to the Motion to Remand, filed on January 2, 2007, Allstate represented that "there is no dispute that the amount in controversy exceeds $75,000." (Rec. Doc. No. 10, p.1.) However, on February 14, 2007, Plaintiffs filed a Reply Memorandum in Response to Allstate's Opposition to Motion to Remand, which, for the first time, argued that the amount in controversy did not exceed $75,000. (Rec. Doc. No. 14, p.2.) At this time, in Civil Action No. 06-7943, Plaintiffs also filed an Irrevocable Stipulation of Damages. (Rec. Doc. No. 14-2.)

9

that Allstate has failed to prove by a preponderance of the evidence that the requisite amount for federal jurisdiction is present.

The Court also finds that the Petition is ambiguous as to the amount in controversy, which allows the Court to consider Plaintiffs' post-removal stipulation.[9] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The stipulation states that "the maximum damages sought for general damages, special damages, penalties and/or attorney fees, exclusive of interest and cost of court was at the time of removal, and is still, Seventy Five Thousand dollars ($75,000)" and that Plaintiffs "affirmatively renounce and waive entitlement to enforce a judgment in amount greater than $75,000.00."[10] (Rec. Doc. No. 14-2.) The Court finds that Plaintiffs' binding stipulation serves to clarify their ambiguous Petition and demonstrates that the amount in controversy is not satisfied. Regardless of what theories of recovery are asserted by Plaintiffs, and regardless of what the policy limits are on any policy upon which they rely, Plaintiffs are legally precluded from recovering any sums exceeding $75,000, by virtue of the irrevocable stipulation filed with this Court.[11]

---

[9] Despite Plaintiffs' assertion in their reply memo that "the petition very clearly states the amount in controversy as to all defendants," (Rec. Doc. No. 14, p.2) the Court finds that this is not the case at all. Plaintiffs contradict this assertion two sentences later when they state "for defendant Allstate the amount is not exact . . . ." *Id.* Thus, contrary to both Plaintiffs and Defendant's assertions, the Court finds that the Petition does not make it clear, either way, how much the claim is worth.

[10] The stipulation bears the signature of Plaintiffs' counsel, Richard M. Exnicios, who is also a party plaintiff in this matter. The Court notes that such representation before this Court is made in conformity with Fed.R.Civ.P. 11. If Plaintiffs are ultimately awarded an amount in excess of this by the state court, and subsequently seek to enforce the judgment for more than $75,000, including attorney's fees but excluding costs and interest, Defendants may then seek relief from judgment and sanctions against Plaintiffs and their counsel from this Court. *Berthelot v. Scottsdale Ins. Co.*, 2007 WL 716126, at *2 (E.D.La. March 6, 2007); *Midkiff v. Hershey Chocolate U.S.A.*, 1998 WL 419498, at *1 (E.D. La. July 21, 1998).

[11] This ruling does not in any way prejudice Defendant's right to seek removal if in the future, Plaintiffs attempt to increase their damages demand. In such case, removal would most likely be proper, even if such attempt came more than a year after commencement of Plaintiffs' suit, based on equitable estoppel principles. *See Hux v. General Motors Acceptance Corp.*, 1998 WL 34202916, at *3 n.3 (S.D.

Additionally, the Court is mindful of the fact that removal jurisdiction is strictly construed. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This Court, therefore lacks diversity jurisdiction. There is no other valid basis for federal jurisdiction in this case; therefore, the Court finds remand to be appropriate. Because federal jurisdiction is lacking regardless of the propriety of joining White, the Court does not reach the issue of improper joinder.

## IV.  ATTORNEY'S FEES AND COSTS

Plaintiffs request attorney's fees and costs for Defendant's improper removal under 28 U.S.C. § 1447(c). 28 U.S.C. § 1447(c), in pertinent part, states, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision whether to award fees and costs is discretionary. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) (*citing Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).

The Court finds that the arguments presented in favor of removal on behalf of Allstate by Mr. Adams (Civil Action No. 06-8124) are objectively reasonable. Given this, had the removal filed on behalf of Allstate by Mr. Adams been the only removal filed in this case, the Court would have exercised its discretion to deny Plaintiffs' request for attorney's fees and costs. But this case involves a unique set of circumstances in which the same case has been removed twice to federal

---

Miss. Mar. 30, 1998).

court. As a result, Plaintiffs were forced to contend with two removals - one based on objectively reasonable grounds, and another based on completely erroneous grounds. With regard to the latter, Plaintiffs were subject to the added burden of responding to a notice of removal that grossly misstated Plaintiffs' allegations against White, which were unambiguously set forth in the Petition. For this reason, the Court finds it appropriate to award reasonable costs and attorney's fees incurred connection with the removal and remand of Civil Action No. 06-7943 only.

## V. CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**, and the above-captioned case is remanded to the Civil District Court for the Parish of Orleans.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorney's fees and costs is **GRANTED** with respect to Civil Action No. 06-7943 and **DENIED** with respect to Civil Action No. 06-8124.

New Orleans, Louisiana, this  28th  day of June, 2007.

**KURT D. ENGELHARDT**
**United States District Judge**